UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN DELLAPORTAS, Plaintiff, v. HANA SHAHIN, Defendant. | CASE NO. 2:26-mc-00036-JNW<br>ORDER |

## 1. INTRODUCTION

This matter comes before the Court on a Local Civil Rule 37 joint submission filed by pro se Plaintiff John Dellaportas and nonparty Microsoft Corporation ("Microsoft") regarding Dellaportas's motion to compel Microsoft to sit for a Rule 30(b)(6) deposition and produce subpoenaed documents. Dkt. No. 1. For the reasons stated below, Dellaportas's motion is GRANTED in part and DENIED in part.

## 2. BACKRGOUND

This dispute arises from a case pending in the United States District Court for the Southern District of New York. *See* Dkt. No. 1-1. In that case, Dellaportas alleges an anonymous person, believed to be Defendant Hana Shahin, used a

Hotmail email account to send false and harmful information about Dellaportas to his friends, neighbors, clients, and coworkers. *Id.* at 1. Dellaportas seeks damages for libel, intentional infliction of emotional distress, and related claims. *Id.* at 14–18.

During discovery, Dellaportas served a subpoena on Microsoft, the owner of Hotmail. Dkt. No. 1-4. The subpoena requests that a corporate representative appear for a deposition to provide information about the Rayvet40@hotmail.com account "and account info related thereto." *Id.* at 1. It also seeks production of the following documents:

> All non-content data (to the extent available), including all subscriber information (such as account holder name, email address(es), address, telephone number, and IP address at time of registration), complete internet connection logs (including ISP, date and time for each access), complete Internet Protocol (IP) addresses for each log in and log off, Media Access Control (MAC), Xbox Gamertag, status of account, date account opened and closed, billing records, and all other registration information, for the following email account: Rayvet40@hotmail.com from the moment of account opening to the present day. WHERE AVAILABLE, PLEASE ALSO INCLUDE LOCATION DATA.

*Id.* at 4.

After raising "general objections," Microsoft objected to the deposition topic and document request as disproportionate and unduly burdensome. Dkt. No. 1-5 at 4. It then stated that the requested IP logs are not within Microsoft's possession, custody, or control and the only responsive information available consists of account holder data that cannot be disclosed without violating the General Data Protection Regulation ("GDPR") or other foreign data privacy laws. *Id.* at 5. Microsoft

separately objected to the deposition request as unreasonable, unduly burdensome, and disruptive to Microsoft's business. *Id.*

## 3. LEGAL STANDARD

Under Rule 45, a party may serve a subpoena commanding a nonparty to produce materials or appear at a deposition. Fed. R. Civ. P. 45(a)(1)(A)(iii). The issuing party must "take reasonable steps to avoid imposing undue burden or expense" on the nonparty. Fed. R. Civ. P. 45(d)(1). A nonparty who wishes to object must serve written objections "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). If the nonparty objects, the issuing party may move for an order compelling production. Fed. R. Civ. P. 45(d)(2)(B)(i). The Court's decision on a motion to compel is a matter of discretion. *Simplex Mfg. Co. v. Chien*, No. C12-835RAJ, 2012 WL 3779629, at *1 (W.D. Wash. Aug. 31, 2012) (citing *Mattel Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 813 (9th Cir.2003)).

## 4. DISCUSSION

As an initial matter, Microsoft appears to read Dellaportas's request for a Rule 30(b)(6) deposition as seeking its appearance solely to produce documents. *See* Dkt. No. 1 at 12. But the subpoena seeks testimony about the account, separate from the document request, and Dellaportas reads it the same way. *See id.* at 2 ("The Subpoena also sought a deposition for a corporate representative limited to 'the email account with the address Rayvet40@hotmail.com and account info related thereto.'"); Dkt. No. 1-4 at 1. So the Court addresses each request separately.

**4.1 Microsoft must produce the account holder information, but the document request is narrowed.**

Microsoft first argues the document request is disproportionate and unduly burdensome because the information sought is more easily obtained from a party to the litigation or the account holder(s). Dkt. No. 1-5 at 4. "An undue burden exists where the burden or expense of discovery 'outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.'" *HarVest Bank of Md. v. Countrywide Home Loans, Inc.*, No. C10-714, 2010 WL 11527320, at *1 (W.D. Wash. June 16, 2010) (quoting Fed. R. Civ. P. 26(b)(2)). Although "[c]ourts are particularly reluctant to require a non-party to provide discovery that can be produced by a party," *Correct Transmission LLC v. Microsoft Corp.*, 2023 WL 7301240, at *1 (W.D. Wash. Nov. 6, 2023), Microsoft's argument is not supported by the record. Here, the strength of Dellaportas's claims depends, in part, on his ability to identify the anonymous sender. But Shahin, the only other party to the Southern District of New York litigation, denies sending the allegedly libelous emails. Dkt. No. 1 at 2, 10. And Dellaportas cannot request the information from other potential account holders, as he is unaware of their identity. On the other side of the scale, Microsoft offers no evidence of what producing the records would cost.

Microsoft next contends the document request is overbroad and unduly burdensome because Dellaportas seeks account holder information from 2021 to the present and requests IP logs, IP histories, MAC addresses, billing records, Xbox

Gamertags, and "all other registration information" without demonstrating relevance. *See id.* at 8. The Court agrees that the subpoena's catch-all request for "all other registration information" is overly broad. So is its opening request for "[a]ll non-content data," which the categories that follow merely illustrate. Dkt. No. 1-4 at 4. However, some of the requested information, such as the account holder's name, address, and telephone number, is undoubtedly relevant. Other courts have allowed litigants to seek similar information about potential defendants during discovery. *See, e.g.*, *Pat. Tech., LLC v. Woodman*, No. 15-CV-00578-DMR, 2015 WL 4537779, at *5 (N.D. Cal. July 27, 2015) (granting plaintiff's motion to serve a third-party subpoena on Microsoft for names, addresses, phone numbers, birth dates, other known email addresses, profile URLs, "or other information that identifies the accountholder[s]"). The Court will therefore narrow the request to the categories it lists and any "other information that identifies the accountholder."

Dellaportas has also agreed to limit his request to January 1, 2021, through the present. Dkt. No. 1 at 6. The Court is not persuaded that the subpoena must be further restricted in time. Information helpful for identifying the anonymous sender could have existed in the months leading up to the allegedly libelous emails.

Lastly, Microsoft argues the responsive account holder data in its possession, custody, or control cannot be disclosed without the account holders' consent, in accordance with the GDPR and other foreign data privacy laws. Dkt. No. 1 at 8–9. Microsoft concedes, however, that it "does not contend that the GDPR categorically bars compliance with U.S. subpoenas." *Id.* at 4, 8. The GDPR provides a framework for regulating data privacy protections in all European Union member states. *In re*

*Alphabet, Inc. Sec. Litig.*, 1 F.4th 687, 695 (9th Cir. 2021). Under Article 49, a data transfer to a non-EU nation such as the United States is permitted if "the transfer is necessary for the establishment, exercise or defence [sic] of legal claims." GDPR Art. 49(1)(e). Microsoft says the disclosure of account holder data is not "necessary" here because a U.S. District Court in the Southern District of New York, in ruling on Shahin's motion to dismiss, found that Dellaportas already "possesses ample evidence regarding the authorship of the allegedly defamatory email." Dkt. No. 1 at 4. But the court made no such finding. In evaluating Shahin's motion, the court recognized that it "[must] accept as true the factual allegations of the complaint, and construe all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff." Dkt. No. 1-2 at 9. And it left the question of authorship for discovery—"Shahin's version of events may ultimately be proven true, but '[d]iscovery is the proper tool . . . to test the validity' of Dellaportas's allegations, not a motion under Rule 12(b)." *Id.* at 16 (quoting *Huon v. Denton*, 841 F.3d 733, 742 (7th Cir. 2016)). Its order does not suggest that any additional information about the account holder's identity is unnecessarily cumulative.

Microsoft also asserts Dellaportas's subpoena is likely to require the production of ancillary data, in violation of the GDPR. *See* Dkt. No. 1 at 9. Striking the catch-all request for "all other registration information" as overbroad addresses that concern. Microsoft need produce only the categories of information the request specifically lists, each of which bears on identifying the account holder. The Court need not reach Microsoft's remaining arguments on the GDPR's derogation for legal claims.

**4.2 The Court won't compel a deposition now.**

Microsoft next argues Dellaportas's request for a deposition appearance is unreasonable, unduly burdensome, and disruptive of Microsoft's business because (1) Dellaportas failed to reduce the burden of compliance; (2) the subpoena unilaterally sets a deposition date one week after service; (3) Dellaportas failed to confer with Microsoft on a date, time, and location for the deposition; and (4) Dellaportas failed to pay a witness fee, as required by Washington law. Dkt. No. 1-5 at 5–6. Dellaportas responds that he is willing to confer on a date, time, and location for the deposition, and tender the witness fee if he has not already. Dkt. No. 1 at 13. That willingness may resolve these disputes going forward, but it doesn't cure the subpoena as served. The deposition date it set—July 22, 2025—has passed, and the record doesn't show that Dellaportas tendered the witness fee. *See* Fed. R. Civ. P. 45(b)(1); Dkt. No. 1-4 at 1–2.

Microsoft also argues that Dellaportas failed to make reasonable efforts to reduce its burden in seeking a Rule 30(b)(6) deposition that "appears to be limited to the production of documents sought." Dkt. No. 1-5 at 5. Microsoft says its sworn declaration already describes the information available to Microsoft so the proposed deposition "cannot reasonably be expected to generate admissible or relevant evidence" that justifies the burden of production. *See* Dkt. No. 1 at 14–15. The Court disagrees that Microsoft's declaration fully addresses Dellaportas's request. For example, the declaration mentions that Dellaportas requests IP logs and identifying information for the Rayvet40@hotmail.com account, Dkt. No. 1-7 ¶ 2, but only states that Microsoft could not locate IP logs for the account. *Id.* ¶ 6. It does not indicate

whether other identifying information could be located or what types of responsive information are available. That may be because Microsoft read the document request as seeking only IP logs for an account it misidentified as "Ravvet40@hotmail.com." Dkt. No. 1-5 at 4.

Still, the Court declines to compel Microsoft to appear for a deposition at this time. Beyond the defects noted above, Dellaportas's subpoena does not identify deposition topics. "For Rule 30(b)(6) to 'effectively function, the requesting party must take care to designate, with *painstaking specificity*, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute.'" *Coppel v. Sea World Parks & Ent., Inc.*, No. 21-CV-1430-RSH-DDL, 2024 WL 4472352, at *6 (S.D. Cal. Aug. 19, 2024) (citation omitted). This denial is without prejudice.

## 5. CONCLUSION

Accordingly, the Court ORDERS:

1. John Dellaportas's motion to compel, Dkt. No. 1, is GRANTED in part and DENIED in part.
2. Dellaportas's document request is NARROWED, as described in Section 4.1.
3. Within FOURTEEN (14) days of this order, Microsoft MUST produce all non-privileged documents responsive to the document request. Microsoft may propose a protective order governing the use of any personally identifiable information.
4. Dellaportas's motion is DENIED in all other respects.

Dated this 18th day of November, 2026.

Jamal N. Whitehead
United States District Judge